SPENCER E. AMDUR
CODY H. WOFSY (SBN294179)
American Civil Liberties Union Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-1198
samdur@aclu.org
cwofsy@aclu.org

JULIA HARUMI MASS (SBN 189649)
WILLIAM S. FREEMAN (SBN 82002)
American Civil Liberties Union Foundation
of Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
jmass@aclu.org
wfreeman@aclu.org

MARK FLEMING
KATHERINE E. MELLOY GOETTEL
National Immigrant Justice Center
208 S. LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 660-1628
mfleming@heartlandalliance.org
kgoettel@heartlandalliance.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, ex rel. XAVIER BECERRA, in his official capacity as Attorney General of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON B. SESSIONS, in his official capacity as Attorney General of the United States, ALAN HANSON, Acting Assistant Attorney General, and United States Department of Justice,<br><br>Defendants. | CASE NO. 3:17-cv-04701-WHO<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE BY THE AMERICAN CIVIL LIBERTIES UNION FOUNDATION ET AL.** |

Proposed amici are non-profit civil rights organizations that serve immigrant communities in California and across the country. Pursuant to the Court's November 20 Order Regarding Amicus Briefing, Dkt. No. 41, proposed amici respectfully move for leave to file the attached brief in support of the State of California. The brief presents an additional basis for granting California's motion: The Department of Justice lacks statutory authority to impose the challenged spending condition.

### I.     Interests of Amici Curiae

Proposed amici have a broad range of experience with the issues presented in this case. They represent immigrant clients and communities who are the ultimate targets of the federal policies that California is challenging. They have spent years working with State and local governments to develop policies similar to the ones California is defending. And they have spent decades litigating legal questions involving State and local involvement in immigration enforcement. This case implicates proposed amici's core missions and core expertise.

The **American Civil Liberties Union (ACLU)** is a nationwide, nonprofit, nonpartisan organization dedicated to the principles of liberty and equality embodied in the Constitution and this nation's civil rights laws. The ACLU, through its Immigrants' Rights Project and state affiliates, engages in a nationwide program of litigation, advocacy, and public education to enforce and protect the constitutional and civil rights of noncitizens. In particular, the ACLU has a longstanding interest in enforcing the constitutional and statutory constraints on the federal government's use of state and local police to enforce civil immigration laws. The ACLU has been counsel and amicus in a variety of cases involving these issues, including *Morales v. Chadbourne*, 793 F.3d 208 (1st Cir. 2015); *Galarza v. Szalczyk*, 745 F.3d 634 (3d Cir. 2014); *Gonzalez v. ICE*, No. 13-cv-4416 (C.D. Cal. filed June 19, 2013); *City of Chicago v. Sessions*, No. 17-cv-5720 (N.D. Ill.); and *City of Philadelphia v. Sessions*, No. 17-cv-3894 (E.D. Pa.).

1

The **ACLU of Northern California Foundation, Inc. (ACLU-NC)**, founded in 1934 and based in San Francisco, is the largest affiliate of the national ACLU.  ACLU-NC engages in litigation and advocacy in support of immigrants' rights, among other issues.  ACLU-NC has participated in local and state legislative advocacy in support of policies limiting local police and sheriff participation in immigration enforcement—including the California TRUST Act and California Values Act—and brought one of the first actions seeking injunctive relief against the use of immigration detainers to arrest and detain individuals in violation of their statutory and constitutional rights.  *See Committee for Immigrant Rights of Sonoma County v. Cogbill*, 644 F. Supp. 2d 1177 (N.D. Cal. 2009).

The **National Immigrant Justice Center (NIJC)** is a program of Heartland Alliance, which provides resettlement services to refugees and mental health services for immigrants and refugees.  NIJC, through its staff of attorneys, paralegals, and a network of over 1,500 *pro bono* attorneys, provides free or low-cost legal services to immigrants, including detained non-citizens.  NIJC's direct representation, as well as its immigration advisals to criminal defense attorneys, has informed its strategic policy and litigation work around the myriad legal and policy problems of entangling local law enforcement in civil immigration enforcement.  NIJC is counsel on a host of immigration detainer-related cases including *Jimenez Moreno v. Napolitano*, 11-5452 (N.D. Ill.) and *Makowski v. United States*, 12-5265 (N.D. Ill.).  NIJC also advocated for the amendments to Chicago's Welcoming City Ordinance (Ch. 2-173) in 2012, the Cook County detainer ordinance (11-O-73) in 2011, and the recently-enacted Illinois TRUST Act (S.B. 31).

## II.  Proposed Amici's Brief Is Useful to the Court

The attached brief provides the Court an additional reason to enjoin the Department's new policy requiring JAG grantees to certify compliance with 8 U.S.C. § 1373.  It explains that the statute on which the Department has relied—which requires JAG applicants to certify that they

2

comply with "applicable" laws—only conditions JAG funds on compliance with laws that "appl[y]" *to federal funds*, not the vast universe of statutes and regulations that apply to state and local governments, but that do not, by their terms, condition federal funds.  8 U.S.C. § 10153(a)(5)(D).  This analysis is useful to the Court for two primary reasons.

First, the Court may wish to first determine whether the Department has statutory authority to impose the challenged condition, before addressing the weighty Spending Clause and Tenth Amendment issues that the condition raises.  *See, e.g.*, *Dep't of Comm. v. U.S. House of Reps.*, 525 U.S. 316, 343-44 (1999) (preferring statutory resolution that made it "unnecessary to reach the constitutional question presented").

Second, the parties have not addressed this issue in depth.  The brief of proposed amici therefore will aid the Court's resolution of the Department's statutory authority, by presenting arguments that the Court would otherwise not receive.  In particular, the brief explains the statutory text, context, and history that bears on the Department's authority and its interpretation of the JAG statute.

## CONCLUSION

For the foregoing reasons, proposed amici respectfully request that the Court grant them leave to file the attached brief in support of California's Motion for Preliminary Injunction.

Dated: November 29, 2017         Respectfully Submitted,

/s/ Spencer E. Amdur

Spencer E. Amdur
Cody H. Wofsy (SBN294179)
American Civil Liberties Union Foundation,
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-1198
samdur@aclu.org
cwofsy@aclu.org

3

Admin. Mot. for Leave to File Amicus Brief
by the ACLU et al. Case No. 3:17-cv-04701

|  |  |
|---|---|
| 1 | |
| 2 | Mark Fleming |
| 3 | Katherine E. Melloy Goettel<br>National Immigrant Justice Center<br>208 S. LaSalle Street, Suite 1300<br>Chicago, Illinois 60604<br>Telephone: (312) 660-1628<br>mfleming@heartlandalliance.org<br>kgoettel@heartlandalliance.org |

Mark Fleming
Katherine E. Melloy Goettel
National Immigrant Justice Center
208 S. LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 660-1628
mfleming@heartlandalliance.org
kgoettel@heartlandalliance.org

Julia Harumi Mass (SBN 189649)
William S. Freeman (SBN 82002)
American Civil Liberties Union Foundation
of Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
jmass@aclu.org
wfreeman@aclu.org

4

Admin. Mot. for Leave to File Amicus Brief
by the ACLU et al. Case No. 3:17-cv-04701

**CERTIFICATE OF SERVICE**

I hereby certify that service of the forgoing motion and proposed brief will be delivered electronically on November 29, 2017, to counsel for Plaintiffs and Defendants through the District Court's Electronic Case Filing system.

/s/ Spencer Amdur

Admin. Mot. for Leave to File Amicus Brief
by the ACLU et al. Case No. 3:17-cv-04701