CHAD A. READLER
Acting Assistant Attorney General
ALEX G. TSE
Acting United States Attorney
JOHN R. TYLER
Assistant Director
W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel
ANTONIA KONKOLY
Trial Attorney
Department of Justice, Room 7210
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone:     (202) 514-3495
Facsimile:     (202) 616-8470
E-mail:        scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS
JEFFERSON B. SESSIONS III, Attorney
General of the United States; ALAN R.
HANSON, Principal Deputy Assistant Attorney
General; and U.S. DEPARTMENT OF JUSTICE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, ex rel.  XAVIER BECERRA, Attorney General of the State of California, | No.  3:17-cv-04701-WHO |
| Plaintiff, | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | |
| JEFFERSON B.  SESSIONS III, Attorney General of the United States, *et al.*, | |
| Defendants. | |

The defendants, by their undersigned counsel, hereby answer plaintiff's First Amended

Complaint as follows:

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

**FIRST DEFENSE**

The Third and Fourth Causes of Action in plaintiff's First Amended Complaint do not challenge final agency action.

**SECOND DEFENSE**

The First, Second, Third, Fourth, and Fifth Causes of Action in plaintiff's First Amended Complaint are constitutionally unripe.

**THIRD DEFENSE**

Plaintiff lacks standing as to the First, Second, Third, Fourth, and/or Fifth Causes of Action.

**FOURTH DEFENSE**

Plaintiff lack standing to seek a declaration, under the Fifth Cause of Action, that its actual conduct complies with 8 U.S.C. § 1373.

**FIFTH DEFENSE**

The First Amended Complaint fails to state a claim upon which relief can be granted.

**SIXTH DEFENSE**

Defendants answer the paragraphs of plaintiff's First Amended Complaint as follows, in correspondingly numbered paragraphs:

**INTRODUCTION**[1]

1.      The first sentence of this paragraph sets forth plaintiff's characterization of this action, to which no response by the defendants is required.  The second sentence purports to characterize certain grant conditions in the Edward Byrne Memorial Justice Assistance Grant Program ("Byrne JAG Program") for Fiscal Year 2017, to which the Court is respectfully referred for a full and accurate statement of their contents.  The third sentence is in the nature of rhetorical commentary and legal argument rather than factual allegations, and as such requires no response by the defendants.  To the extent a response is deemed required, the third sentence of this

---

[1] Defendants include the headings listed in the Complaint solely to assist in the reading of the pleadings, and do not admit the accuracy of such headings, or any characterizations contained therein.

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

1  paragraph is denied.  The fourth sentence sets forth plaintiff's conclusions of law, to which no

2  response by the defendants is required; to the extent a response is deemed required, plaintiff's

3  conclusions of law are denied.

4         2.     With respect to the first sentence in this paragraph, Defendants admit only that the

5  Byrne JAG Program is a formula grant program, and that to the extent that California is

6  determined to qualify for a Byrne JAG grant for Fiscal Year 2017, the State and its political

7  subdivisions would receive, pursuant to the relevant statutory formula, approximately $28.3

8  million under the program for this fiscal year; otherwise, denied.  With respect to the second

9  sentence in this paragraph, Defendants clarify that Alan Hanson's current title is Principal Deputy

10 Assistant Attorney General; otherwise, admitted.

11        3.     With respect to the first sentence in this paragraph, Defendants admit only that to

12 the extent that each state and certain local jurisdictions are determined to qualify for Byrne JAG

13 funds for a given fiscal year, such funds are provided for, *inter alia*, such uses as are generally

14 described in this sentence; otherwise, denied.   The second sentence sets forth plaintiff's

15 conclusions of law, to which no response by the defendants is required; to the extent a response is

16 deemed required, plaintiff's conclusions of law are denied.

17        4.     The first sentence of this paragraph sets forth plaintiff's conclusions of law, to

18 which no response by the defendants is required; to the extent a response is deemed required,

19 plaintiff's conclusions of law are denied.  With respect to the second sentence, Defendants admit

20 only that the term "special conditions," as set forth in 34 U.S.C. § 10102(a)(6), has encompassed

21 conditions imposed to address performance issues with particular high-risk grantees.  The

22 remainder of the second sentence sets forth plaintiff's conclusions of law, to which no response

23 by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions

24 of law are denied.

25        5.     This paragraph purports to summarize and characterize the Byrne JAG Program

26 FY 2017 and FY 2016 State Solicitations, as well as the FY 2017 Community Oriented Policing

27 Services ("COPS") Anti-Methamphetamine Program ("CAMP") and Anti-Heroin Task Force

28

3

1  ("AHTF") Program Application Guides, the first of which is part of the Administrative Record in

2  this manner, and to all of which the Court is respectfully referred for a full and accurate statement

3  of their contents.  To the extent the allegations of this paragraph are inconsistent with the

4  Administrative Record, defendants deny them.  Defendants also specifically deny any implication

5  that the language contained in the FY 2016 or the 2017 Byrne JAG State Solicitations, or the FY

6  2017 COPS CAMP or AHTF Program Applications Guides, constituted the actual grant

7  conditions with which grantees would be expected to comply.

8      6.      The first two sentences of this paragraph purport to summarize and characterize

9  the Edward Byrne Memorial Justice Assistance Grant Program FY 2017 State Solicitation, which

10  is part of the Administrative Record in this matter, and to which the Court is respectfully referred

11  for a full and accurate statement of its contents.  To the extent the allegations of this paragraph are

12  inconsistent with the Administrative Record, defendants deny them.  Defendants also specifically

13  deny any implication that the language contained in the FY 2017 State Solicitation constituted the

14  actual grant conditions with which grantees would be expected to comply.  With respect to the

15  third sentence, Defendants admit only that in another, related litigation brought by the City of

16  Chicago, Defendants filed with the court a declaration by Defendant Hanson; that the declaration

17  attached true and correct copies of the FY 2017 Byrne JAG award documents issued on August

18  23, 2017 to the County of Greenville, South Carolina, and the City of Binghamton, New York;

19  and that in the absence of any applicable court injunction, language identical to the "access" and

20  "notice" conditions in the Greenville and Binghamton award documents will appear in all award

21  documents issued under the FY 2017 Byrne JAG - State Solicitation.  The remainder of this

22  paragraph purports to summarize and characterize the FY 2017 Byrne JAG award documents

23  issued to the County of Greenville, South Carolina and the City of Binghamton, New York, to

24  which the Court is respectfully referred for a full and accurate statement of their contents.

25      7.      This paragraph sets forth plaintiff's conclusions of law, to which no response by

26  the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of

27  law are denied.

28

4

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

8.      This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

9.      This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

10.     This paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, and as such requires no response by the defendants.  To the extent a response is deemed required, this paragraph is denied.

11.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

12.     Defendants admit only that the California Board of State and Community Corrections ("BSCC") is among the jurisdictions from which Defendants have requested a legal opinion confirming compliance with Section 1373, and that on October 12, 2017, Defendants announced the results of preliminary compliance assessments as to nine other jurisdictions.  The remainder of this paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, and as such requires no response by the defendants.  To the extent a response is deemed required, the remainder of this paragraph is denied.

13.     This paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, and as such requires no response by the defendants.  To the extent a response is deemed required, this paragraph is denied.

14.     This paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, and as such requires no response by the defendants.  To the extent a response is deemed required, this paragraph is denied.

15.     Defendants admit the first, second, third, and fourth sentences of this paragraph. The remainder of this paragraph is in the nature of rhetorical commentary and legal argument

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

1   rather than factual allegations, and as such requires no response by the defendants.  To the extent

2   a response is deemed required, the remainder of this paragraph is denied.

3        16.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

4   the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of

5   law are denied.

6                        **JURISDICTION AND VENUE**

7        17.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

8   the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of

9   law are denied.

10       18.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

11  the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of

12  law are denied.

13                      **INTRADISTRICT ASSIGNMENT**

14       19.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

15  the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of

16  law are denied.

17                              **PARTIES**

18       20.    Admitted.

19       21.    Defendants admit that Xavier Becerra is the Attorney General of California.  The

20  remainder of this paragraph sets forth plaintiff's conclusions of law, to which no response by the

21  defendants is required.

22       22.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

23  the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of

24  law are denied.

25       23.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

26  the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of

27  law are denied.

28

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

24.     Defendants admit the allegations contained in the first sentence of this paragraph. The remainder of this paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

25.     Defendants admit the allegations contained in the last sentence of this paragraph. The remainder of this paragraph sets forth plaintiff's conclusions of law and/or characterizations of this action, to which no response by the defendants is required.

26.     Defendants admit the allegations contained in the first and second sentences of this paragraph.  The remainder of this paragraph sets forth plaintiff's characterization of this action, to which no response by the defendants is required.

27.     With respect to the first sentence in this paragraph, Defendants clarify that Alan Hanson's current title is Principal Deputy Assistant Attorney General; otherwise, admitted.  The remainder of this paragraph sets forth plaintiff's characterization of this action, to which no response by the defendants is required.

28.     This paragraph sets forth plaintiff's conclusions of law and/or characterizations of this action, to which no response by the defendants is required.

29.     This paragraph sets forth plaintiff's characterization of this action, to which no response by the defendants is required.  Counsel for defendants do not represent any individuals referred to in this paragraph.

## FACTUAL ALLEGATIONS

I.  **CALIFORNIA'S LAWS SEEK TO PROTECT THE STATE RESIDENTS' SAFETY AND WELFARE BY FOCUSING LAW ENFORCEMENT ON CRIMINAL ACTIVITY AND BY BUILDING TRUST BETWEEN LAW ENFORCEMENT AND COMMUNITIES**

30.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

1    31.     This paragraph is in the nature of rhetorical commentary and legal argument rather

2    than factual allegations, and as such requires no response by the defendants.  To the extent a

3    response is deemed required, this paragraph is denied.

4    32.     This paragraph does not identify any of the "[m]any jurisdictions" to which it

5    alludes.  As such, the allegations contained within this paragraph are vague and undefined, thus

6    precluding a fair response by defendants.

7    **A.     The TRUST Act**

8    33.     Defendants admit the first and third sentences of this paragraph.  The second

9    sentence purports to summarize and characterize certain provisions of the TRUST Act, to which

10   the Court is respectfully referred for a full and accurate statement of its contents.

11   34.     This paragraph purports to summarize and characterize certain provisions of the

12   TRUST Act, to which the Court is respectfully referred for a full and accurate statement of its

13   contents.

14   35.     This paragraph purports to summarize and characterize certain provisions of the

15   TRUST Act, to which the Court is respectfully referred for a full and accurate statement of its

16   contents.

17   36.     This paragraph purports to summarize and characterize certain provisions of the

18   TRUST Act, to which the Court is respectfully referred for a full and accurate statement of its

19   contents.

20   **B.     The TRUTH Act**

21   37.     Defendants admit the first sentence of this paragraph. The remainder of this

22   paragraph purports to summarize and characterize certain provisions of the TRUTH Act, to which

23   the Court is respectfully referred for a full and accurate statement of its contents.

24   38.     This paragraph purports to summarize and characterize certain provisions of the

25   TRUTH Act, to which the Court is respectfully referred for a full and accurate statement of its

26   contents.

27

28

8

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

1    39.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

2    the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of

3    law are denied.

4    **C.    The California Values Act**

5    40.    Admitted.

6    41.    This paragraph purports to summarize and characterize certain provisions of the

7    Values Act, to which the Court is respectfully referred for a full and accurate statement of its

8    contents.

9    42.    This paragraph purports to summarize and characterize certain provisions of the

10   Values Act, to which the Court is respectfully referred for a full and accurate statement of its

11   contents.

12   43.    This paragraph purports to summarize and characterize certain provisions of the

13   Values Act and/or the TRUST Act, to which the Court is respectfully referred for a full and

14   accurate statement of their contents.

15   44.    This paragraph purports to summarize and characterize certain provisions of the

16   Values Act and/or the TRUST Act, to which the Court is respectfully referred for a full and

17   accurate statement of their contents.

18   45.    This paragraph purports to summarize and characterize certain provisions of the

19   Values Act and/or the California Civil Code, to which the Court is respectfully referred for a full

20   and accurate statement of their contents.

21   46.    This paragraph purports to summarize and characterize certain provisions of the

22   Values Act, to which the Court is respectfully referred for a full and accurate statement of its

23   contents.

24   47.    This paragraph purports to summarize and characterize certain provisions of the

25   Values Act and/or the TRUTH Act, to which the Court is respectfully referred for a full and

26   accurate statement of their contents.

27   **D.    State Shield Confidentiality Statutes**

28

9

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

48.     This paragraph purports to summarize and characterize certain provisions of California's state laws, to which the Court is respectfully referred for a full and accurate statement of their contents.

49.     This paragraph purports to summarize and characterize certain provisions of California's state laws, to which the Court is respectfully referred for a full and accurate statement of their contents.

50.     This paragraph purports to summarize and characterize certain provisions of California's state laws, to which the Court is respectfully referred for a full and accurate statement of their contents.

51.     This paragraph purports to summarize and characterize certain provisions of California's state laws, to which the Court is respectfully referred for a full and accurate statement of their contents.

52.     This paragraph purports to summarize and characterize certain provisions of California's state laws, to which the Court is respectfully referred for a full and accurate statement of their contents.

53.     This paragraph purports to summarize and characterize certain provisions of California's state laws, to which the Court is respectfully referred for a full and accurate statement of their contents.

54.     This paragraph purports to summarize and characterize certain provisions of California's state laws, to which the Court is respectfully referred for a full and accurate statement of their contents.

II.     CONGRESS DID NOT INTEND JAG TO BE CONDITIONED ON STATE AND LOCAL LAW ENFORCEMENT ASSISTING IN FEDERAL IMMIGRATION ENFORCEMENT

55.     Defendants admit the allegations contained within the first sentence of this paragraph.  The remainder of this paragraph purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

1    56.    This paragraph purports to summarize and characterize certain federal statutes, to

2    which the Court is respectfully referred for a full and accurate statement of their contents.

3    57.    This paragraph purports to summarize and characterize certain federal statutes, to

4    which the Court is respectfully referred for a full and accurate statement of their contents.

5    58.    This paragraph purports to summarize and characterize certain federal

6    appropriations acts, to which the Court is respectfully referred for a full and accurate statement of

7    their contents.

8    59.    This paragraph purports to summarize and characterize certain federal statutes, to

9    which the Court is respectfully referred for a full and accurate statement of their contents.

10    60.    This paragraph purports to summarize and characterize certain federal statutes, to

11    which the Court is respectfully referred for a full and accurate statement of their contents.

12    61.    This paragraph sets forth plaintiff's summary and characterization of a federal

13    statute, to which the Court is respectfully referred for a full and accurate statement of its contents,

14    and plaintiff's conclusions of law, to which no response by the defendants is required.  To the

15    extent a response is deemed required, plaintiff's conclusions of law are denied.

16    62.    This paragraph purports to summarize and characterize certain federal statutes, to

17    which the Court is respectfully referred for a full and accurate statement of their contents.

18    63.    This paragraph and its footnote purport to summarize and characterize a certain

19    congressional measure, to which the Court is respectfully referred for a full and accurate

20    statement of its contents.  Beyond the sole congressional measure identified in the footnote, the

21    allegations contained within this paragraph are vague and undefined, thus precluding a fair

22    response by defendants.

23    **III.    CONGRESS DID NOT INTEND JAG TO BE CONDITIONED ON STATE AND LOCAL LAW
24         ENFORCEMENT ASSISTING IN FEDERAL IMMIGRATION ENFORCEMENT**

25    **A.    The JAG Formula Structure and Conditions**

26    64.    This paragraph purports to summarize and characterize certain federal statutes, to

27    which the Court is respectfully referred for a full and accurate statement of their contents.

28

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

11

65.     This paragraph purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

66.     This paragraph purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

67.     This paragraph purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

68.     This paragraph purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

**B.     California's Allocation and Use of the JAG Award**

69.     Admitted.

70.     With respect to the first sentence in this paragraph, Defendants admit only that the BSCC disburses Byrne JAG funding using sub-grants predominantly to local jurisdictions throughout California.  The remainder of the first sentence sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  Defendants admit the second sentence of this paragraph.

71.     Defendants admit only that the allegations in this paragraph are consistent with appropriate uses of Byrne JAG funds.  Because Plaintiff does not specify any of the Fiscal Years for which it or its sub-grantees allegedly used Byrne JAG funds for the specifically enumerated purposes forth in this paragraph, the allegations are otherwise vague and undefined, thus precluding a fair response by defendants.

**IV.     DEFENDANTS ADDED THE SECTION 1373 CONDITION AND THE AMBIGUOUS ACCESS AND NOTIFICATION CONDITIONS WITHOUT SUFFICIENTLY EXPLAINING THE RELATIONSHIP BETWEEN THE CONDITIONS TO THE JAG PROGRAM**

**A.     Description of the JAG Solicitation**

72.     Admitted.

73.     The first two sentences of this paragraph purport to summarize and characterize the Byrne JAG Program FY 2017 State and Local Solicitations, the former of which is part of the Administrative Record in this matter, and to both of which the Court is respectfully referred for a

12

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

full and accurate statement of their contents.  To the extent the allegations of the first two sentences of this paragraph are inconsistent with the Administrative Record, defendants deny them.  Defendants specifically deny any implication that the language contained in either the State of the Local Solicitation constituted the actual grant conditions with which grantees would be expected to comply.  The remainder of this paragraph purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

74.    This paragraph purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

75.    Admitted.

76.    This paragraph purports to summarize and characterize the Byrne JAG Program FY 2017 State and Local Solicitations, the former of which is part of the Administrative Record in this matter, and to both of which the Court is respectfully referred for a full and accurate statement of their contents.  To the extent the allegations of this paragraph are inconsistent with the Administrative Record, defendants deny them.  Defendants specifically deny any implication that the language contained in either the State or the Local Solicitation constituted the actual grant conditions with which grantees would be expected to comply.

77.    This paragraph purports to summarize and characterize the Byrne JAG Program FY 2017 State and Local Solicitations, the former of which is part of the Administrative Record in this matter, and to both of which the Court is respectfully referred for a full and accurate statement of their contents.  To the extent the allegations of this paragraph are inconsistent with the Administrative Record, defendants deny them.  Defendants specifically deny any implication that the language contained in either the State or the Local Solicitation constituted the actual grant conditions with which grantees would be expected to comply.

78.    Defendants are without information sufficient to admit or deny what Plaintiff "understands."

79.    Admitted.

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

80.     This paragraph purports to summarize and characterize the Byrne JAG Program FY 2017 State and Local Solicitations, the former of which is part of the Administrative Record in this matter, and to both of which the Court is respectfully referred for a full and accurate statement of their contents.  To the extent the allegations of this paragraph are inconsistent with the Administrative Record, defendants deny them.

81.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

**B.     Description of the Represented JAG Award Final Conditions**

82.     Admitted.

83.     Defendants admit only that in another, related litigation brought by the City of Chicago, Defendants filed with the court a declaration by Defendant Hanson; that the declaration attached true and correct copies of the FY 2017 Byrne JAG award documents issued on August 23, 2017 to the County of Greenville, South Carolina, and the City of Binghamton, New York; and that in the absence of any applicable court injunction, language identical to the "access" and "notice" conditions in the Greenville and Binghamton award documents will appear in all award documents issued under the FY 2017 Byrne JAG - State Solicitation.  The remainder of this paragraph purports to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina and the City of Binghamton, New York, to which the Court is respectfully referred for a full and accurate statement of their contents.

84.     Defendants admit only that in another, related litigation brought by the City of Chicago, Defendants filed with the court a declaration by Defendant Hanson; that the declaration attached true and correct copies of the FY 2017 Byrne JAG award documents issued on August 23, 2017 to the County of Greenville, South Carolina, and the City of Binghamton, New York; and that in the absence of any applicable court injunction, language identical to the "access" and "notice" conditions in the Greenville and Binghamton award documents will appear in all award documents issued under the FY 2017 Byrne JAG - State Solicitation.  The remainder of this

14

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

paragraph purports to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina and the City of Binghamton, New York, to which the Court is respectfully referred for a full and accurate statement of their contents.

85. Defendants admit only that in another, related litigation brought by the City of Chicago, Defendants filed with the court a declaration by Defendant Hanson; that the declaration attached true and correct copies of the FY 2017 Byrne JAG award documents issued on August 23, 2017 to the County of Greenville, South Carolina, and the City of Binghamton, New York; and that in the absence of any applicable court injunction, language identical to the "access" and "notice" conditions in the Greenville and Binghamton award documents will appear in all award documents issued under the FY 2017 Byrne JAG - State Solicitation. The remainder of this paragraph purports to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina and the City of Binghamton, New York, to which the Court is respectfully referred for a full and accurate statement of their contents.

### C. The Access and Notification Conditions do not Provide Jurisdictions with Clear Notices of What the Conditions Require

86. This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

87. This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

### V. OJP HAS EXCEEDED ITS STATUTORY AUTHORITY BY IMPOSING THE ACCESS AND NOTIFICATION CONDITIONS

88. The first and third sentences of this paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied. The second sentence of this paragraph purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

15

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

89.     Defendants admit only that their authority to add the Access and Notice Conditions is grounded, in part, in 34 U.S.C. §10102.  The remainder of this paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

90.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

91.     The last sentence of this paragraph does not identify any of the "[o]ther federal statutes and regulations" to which it alludes.  As such, the allegations contained within the last sentence of this paragraph are vague and undefined, thus precluding a fair response by defendants.  The remainder of this paragraph purports to summarize and characterize certain current and former federal statutes and regulations, to which the Court is respectfully referred for a full and accurate statement of their contents.

92.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

93.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

94.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

## VI.     FOR FISCAL YEAR 2017, USDOJ IMPOSED A REQUIREMENT OF CERTIFYING COMPLIANCE WITH SECTION 1373 ON COPS GRANTS THAT THE STATE RECEIVES

### A.     California's Prior Use of COPS Grant Funds

95.     With respect to the first sentence of this paragraph, Defendants admit only that the Office of Community Oriented Policing Services ("COPS") is an office within DOJ that

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

administers certain competitive grant programs; otherwise, denied.  The second sentence purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

96.   This paragraph purports to summarize and characterize certain current and former federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

97.   With respect to the first sentence of this paragraph, Defendants admit only that since the COPS Office began administering certain competitive grant programs, the California Department of Justice ("CalDOJ") has received more than $11 million from the programs that the COPS Office administers.  With respect to the second sentence, Defendants admit that CalDOJ has applied for CAMP funds in every fiscal year since Congress began appropriating funds for this Program in 2014; Defendants are without information sufficient to admit or deny that each such application was for the specific purpose of supporting Group 22.  With respect to the third and fourth sentences, Defendants admit only that Plaintiff's allegations are consistent with the representations the State has made in its corresponding grant applications; Defendants lack independent information sufficient to confirm or deny the accuracy of these allegations. Defendants admit the fifth sentence of this paragraph.

98.   Defendants deny the first sentence of this paragraph. With respect to the second sentence, Defendants admit only that Plaintiff's allegations are consistent with the representations the State has made in its corresponding grant applications; Defendants lack independent information sufficient to confirm or deny the accuracy of these allegations.  Defendants admit the third and fourth sentences of this paragraph.

**B.    California Applied for Fiscal Year 2017 COPS Funding that was Conditioned on Section 1373**

99.   Admitted.

100.   This paragraph purports to summarize and characterize the FY 2017 COPS CAMP and AHTF Program Applications Guides and Award Owner's Manuals, to which the Court is

17

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

respectfully referred for a full and accurate statement of their contents.  To the extent the allegations of this paragraph are inconsistent with these documents, defendants deny them.

101.    Defendants admit that CalDOJ took the actions described in this paragraph. Defendants are without information sufficient to confirm or deny that the Division of Law Enforcement ("DLE") within CalDOJ took the actions described in this paragraph.[2]

102.    Defendants admit that CalDOJ took the actions described in this paragraph. Defendants are without information sufficient to confirm or deny that the DLE within CalDOJ took the actions described in this paragraph.

103.    With respect to the first sentence of this paragraph, Defendants admit only that as of October 13, 2017, the date the Amended Complaint was filed, the COPS Office had not issued any response to CalDOJ's applications.  Defendants admit the second sentence of this paragraph.

**VII.    DEFENDANTS' STATEMENTS REVEAL THAT THEY INTEND TO WRONGFULLY WITHHOLD FUNDING FROM CALIFORNIA BASED ON A MISTAKEN BELIEF THAT THE STATE DOES NOT COMPLY WITH SECTION 1373**

104.    This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

105.    The first sentence of this paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied. The second sentence of this paragraph purports to summarize and characterize certain statements by the President, to which the Court is respectfully referred for a full and accurate statement of their contents.

---

[2] In preparing this Answer, Defendants discovered that the earlier-filed Declaration of Andrew A. Dorr in Opposition to Plaintiff's Amended Motion for Preliminary Injunction, Dkt. No. 42-2, contained an inadvertent error—namely, an assertion that the California Board of Community Corrections ("BSCC") was the California entity that submitted FY 2017 applications for both the CAMP and AHTF programs on behalf of the State. *See id.* ¶ 6-7.  Defendants clarify that the BSCC is the entity that submitted applications on behalf of the State for the Byrne JAG Program, while CalDOJ applied on behalf of the State for CAMP and AHTF funds.

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

**A.**     **An Office of Inspector General Report that Defendants Have Relied Upon Indicates that they Mistakenly Believe California's Laws Violate Section 1373**

106.     This paragraph purports to summarize and characterize the May 31, 2016 U.S. Department of Justice Office of the Inspector General memorandum (Subject: Department of Justice Referral of Allegations of Potential Violations of 8 U.S.C. § 1373 by Grant Recipients), which is part of the Administrative Record in this matter, and to which the Court is respectfully referred for a full and accurate statement of its contents.  To the extent the allegations of this paragraph are inconsistent with the Administrative Record, defendants deny them.

107.     This paragraph purports to summarize and characterize the May 31, 2016 U.S. Department of Justice Office of the Inspector General memorandum (Subject: Department of Justice Referral of Allegations of Potential Violations of 8 U.S.C. § 1373 by Grant Recipients), which is part of the Administrative Record in this matter, and to which the Court is respectfully referred for a full and accurate statement of its contents.  To the extent the allegations of this paragraph are inconsistent with the Administrative Record, defendants deny them.

108.     Defendants admit only that in making the determination to impose the challenged conditions, they relied, in part, on the findings contained within the May 31, 2016 U.S. Department of Justice Office of the Inspector General memorandum (Subject: Department of Justice Referral of Allegations of Potential Violations of 8 U.S.C. § 1373 by Grant Recipients), which is part of the Administrative Record in this matter, and to which the Court is respectfully referred for a full and accurate statement of its contents. To the extent the allegations of this paragraph are inconsistent with the Administrative Record, defendants deny them. The remainder of this paragraph purports to summarize and characterize certain statements by the Attorney General, to which the Court is respectfully referred for a full and accurate statement of their contents.

109.     This paragraph purports to summarize and characterize certain statements by the Deputy Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement ("ICE"), to which the Court is respectfully referred for a full and accurate statement of their contents.

19

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

110.     This paragraph purports to summarize and characterize certain letters issued by Defendant Hanson, a press release issued by the U.S. Department of Justice, and statements by the Attorney General, to which the Court is respectively and respectfully referred for a full and accurate statement of their contents.

**B.     Defendants' Actions since California's Submission of a Legal Opinion Validating Compliance Support a Credible Fear that Defendants Will Wrongfully Withhold Funding on the Basis of Section 1373**

111.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

112.     Defendant admits only that on June 29, 2017, the BSCC, the California state entity that directly receives any such Byrne JAG funds as the State may be awarded, submitted a legal opinion to OJP, and that this legal opinion stated that in California's views, the State's laws, including the TRUST and TRUTH Acts, do not violate Section 1373.

113.     This paragraph purports to summarize and characterize certain statements by the Attorney General, to which the Court is respectfully referred for a full and accurate statement of their contents.  Defendants specifically deny plaintiff's allegations that the Attorney General's statements were "without any support."

114.     Denied

115.     Defendants admit only that in August 2017, Defendant Hanson issued letters to Miami-Dade County, Florida, and Clark County, Nevada, informing each jurisdiction that "[b]ased on the materials [it had] provided" to OJP, OJP "found no evidence that [the jurisdiction] is currently out of compliance with section 1373."

116.      This paragraph purports to summarize and characterize a press release issued by the U.S. Department of Justice, to which the Court is respectively and respectfully referred for a full and accurate statement of its contents.

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

117.    This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

### VIII.   THE IMPOSITION OF THE ILLEGAL FUNDING CONDITIONS WILL CREATE IRREPARABLE HARM TO THE STATE AND ITS LOCAL JURISDICTIONS

118.    This paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, and as such requires no response by the defendants.  To the extent a response is deemed required, this paragraph is denied.

119.    This paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, and as such requires no response by the defendants.  To the extent a response is deemed required, this paragraph is denied.

120.    This paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, and as such requires no response by the defendants.  To the extent a response is deemed required, this paragraph is denied.

121.    This paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, and as such requires no response by the defendants.  To the extent a response is deemed required, this paragraph is denied.

### FIRST CLAIM FOR RELIEF

### ALLEGED VIOLATION OF CONSTITUTIONAL SEPARATION OF POWERS

### (JAG Access and Notification Conditions)

122.    Defendants repeat and incorporate by reference each response and averment of the prior paragraphs as if fully set forth herein.

123.    This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.

124.    This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.

1    125.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

2    the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

3    law are denied.

4    126.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

5    the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

6    law are denied.

7                              **SECOND CLAIM FOR RELIEF**

8              **ALLEGED AVIOLATION OF CONGRESSIONAL SPENDING AUTHORITY**

9                   **(JAG Section 1373, Access, and Notification Conditions)**

10   127.    Defendants repeat and incorporate by reference each response and averment of the

11   prior paragraphs as if fully set forth herein.

12   128.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

13   the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

14   law are denied.

15   129.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

16   the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

17   law are denied.

18   130.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

19   the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

20   law are denied.

21   131.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

22   the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

23   law are denied.

24   132.    This paragraph sets forth plaintiff's conclusions of law, to which no response by

25   the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

26   law are denied.

27                              **THIRD CLAIM FOR RELIEF**

28

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

**ALLEGED VIOLATION OF ADMINISTRATIVE PROCEDURE ACT**

**(Alleged Constitutional Violations and Excess of Statutory Authority as to the JAG**

**Section 1373, Access, and Notification Conditions)**

133.     Defendants repeat and incorporate by reference each response and averment of the prior paragraphs as if fully set forth herein.

134.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

135.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

136.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.

137.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

138.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

**FOURTH CLAIM FOR RELIEF**

**ALLEGED VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

**(Allegedly Arbitrary and Capricious as to the JAG Section 1373, Access,**

**and Notification Conditions)**

139.     Defendants repeat and incorporate by reference each response and averment of the prior paragraphs as if fully set forth herein.

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

140.    This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

141.    This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

142.    This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.

143.    This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

144.    This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

## FIFTH CAUSE OF ACTION

### DECLARATORY RELIEF

### (JAG and COPS Section 1373 Conditions)

145.    Defendants repeat and incorporate by reference each response and averment of the prior paragraphs as if fully set forth herein.

146.    This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

147.    This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

148.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

149.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

150.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

151.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

152.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

153.     This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

## PLAINTIFF'S PRAYER FOR RELIEF

The remainder of the First Amended Complaint sets forth plaintiff's prayer for relief, to which no response by the defendants is required.  To the extent any response is deemed required, these allegations are denied.

* * *

Each and every allegation of the First Amended Complaint not heretofore expressly admitted or denied is hereby denied.

WHEREFORE, having fully answered, defendants pray that:

1. This Court enter judgment for defendants and dismiss this action with prejudice;

2.  Plaintiff be assessed the costs of this litigation; and

3.  Defendants be granted such further relief as this Court may deem just and proper.

Dated:  April 4, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ALEX G. TSE
Acting United States Attorney

JOHN R. TYLER
Assistant Director

W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel

_____
ANTONIA KONKOLY
Trial Attorney

Attorneys, Department of Justice
Civil Division, Room 7210
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone:   (202) 514-3495
Facsimile:    (202) 616-8470
E-mail:        antonia.konkoly@usdoj.gov
                 scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS

JEFFERSON B. SESSIONS III, Attorney
General of the United States; ALAN R.
HANSON, Principal Deputy Assistant Attorney
General; and U.S. DEPARTMENT OF
JUSTICE

Answer to First Am. Complaint
No. 3:17-cv-04701-WHO

26