UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, EX REL. XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON BEAUREGARD SESSIONS, et al.,<br><br>Defendants. | Case No. 17-cv-04701-WHO<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 91-1 |

Plaintiff State of California ("the State') has filed a motion for leave to file a motion for reconsideration under Civil Local Rule 7-9. It cites two new material facts in support of its request: the lawsuit filed by defendants against the State the day after I issued the Order Denying Plaintiff's Amended Motion for Preliminary Injunction (Dkt. No. 89)("the Order"), which removed any doubt that defendants will deny the State's request for COPS funding, and defendants' insistence that work addresses as well as home addresses and release dates be provided by law enforcement agencies. I agree with the State that if defendants' lawyers had included those facts in the briefing or at the hearing on defendants' motion to dismiss about those positions, I would have written the Order differently. But my decision would have been the same; the State's motion for leave to file a motion for reconsideration is DENIED.

The constitutional crosscurrents in this case of federalism, immigration, and the police powers reserved to the State demand a more complete record, particularly as applied to a newly enacted state statute (the Values Act, California Government Code section 7284 *et. seq.*) and a seldom litigated (until now) federal statute (8 U.S.C. § 1373). Each party is asserting an aggressive interpretation of its rights under the Constitution *vis* a *vis* the other. In the Order, I

posed a series of questions that reflect my interest in how each party's interpretation of its rights affects the other. See Order at 26. Among other things, I want to know in what ways the federal government uses the type of information that is protected by the Values Act when it collects it from other jurisdictions, and the method(s) by which it expects the State and local law enforcement agencies to provide it. The State should identify categories of detainees whose information is protected by the Values Act and those for which the federal government's demands for information under defendants' interpretation of 8 U.S.C. § 1373 are unimpeded. And, in light of the clashing constitutional and statutory rights asserted, I am curious to what extent, if any, either party thinks that a balancing of the interests is necessary or appropriate.

I trust that each side's briefing on summary judgment will be specific in showing how the other's positions invade and harm their constitutional and statutory prerogatives.

**IT IS SO ORDERED.**

Dated: April 24, 2018

William H. Orrick
United States District Judge