XAVIER BECERRA
Attorney General of California
SATOSHI YANAI
Supervising Deputy Attorney General
SARAH E. BELTON
LISA C. EHRLICH
LEE SHERMAN (SBN 272271)
Deputy Attorneys General
 300 S. Spring St., Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 269-6404
 Fax:  (213) 879-7605
 E-mail:  Lee.Sherman@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ex rel, XAVIER BECERRA, in his official capacity as Attorney General of the State of California,**<br><br>Plaintiff,<br><br>v.<br><br>**JEFFERSON B. SESSIONS, in his official capacity as Attorney General of the United States; ALAN R. HANSON, in his official capacity as Principal Deputy Assistant Attorney General; UNITED STATES DEPARTMENT OF JUSTICE; and DOES 1-100,**<br><br>Defendants. | 3:17-cv-04701-WHO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF STATE OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:         September 5, 2018<br>Time:        2 p.m.<br>Courtroom: 2<br>Judge:       Honorable William H. Orrick<br>Trial Date:  January 28, 2019<br>Action Filed: August 14, 2017 |

On July 9, 2017, Plaintiff State of California, ex rel. Xavier Becerra, California Attorney General ("the State" or "California") filed a Motion for Summary Judgment ("Motion") and a hearing on the Motion was held on September 5, 2018 at 2:00 p.m.

The Court has considered the Motion and documents filed therewith, all of the papers on file in this action, and the evidence and arguments presented at the hearing, and hereby GRANTS California's Motion and enters judgment in its favor as to each of its claims for relief [*or, in the alternative, as to the following claims for relief*] on the grounds that the undisputed evidence shows that:

1. Defendants imposed two requirements for FY 2017 Edward Byrne Memorial Justice Assistance Grants (JAG) that Defendants have said state and local jurisdictions must comply with in order to receive JAG funding. Those requirements, referred to as the Access and Notification Conditions, are found in paragraphs 55 and 56 of Exhibit B of the Declaration of Alan Hanson filed by Defendants as Docket Number 42-1 in this litigation.
2. Defendants imposed an additional requirement for FY 2017 JAG awards requiring state and jurisdictions to certify compliance with 8 U.S.C. § 1373. The requirements in connection with this certification, referred to as the Section 1373 Condition, are found in Appendices I and II of Exhibits A and B to the First Amended Complaint filed by California as Docket Number 11 in this litigation, and paragraphs 52, 53, and 54 of Exhibit B of the Declaration of Alan Hanson filed by Defendants as Docket Number 42-1 in this litigation.
3. The Access and Notification Conditions violate the United States Constitution's separation of powers principles.
4. The Access, Notification, and Section 1373 Conditions violate the United States Constitution's Spending Clause.
5. The Access, Notification, and Section 1373 Condition violate the Administrative Procedure Act for exceeding Congressional authority and for being arbitrary and capricious.
6. California Government Code section 7282 *et seq.* ("the TRUST Act"); California

Government Code section 7283 *et seq.* ("the TRUTH Act"); California Government Code section 7284 *et seq.* ("the Values Act"); California Penal Code sections 422.93, 679.10, 679.11; Welfare and Institutions Code section 827 and 831; and California Code of Civil Procedure section 155 (collectively, "the State's Statutes") comply with 8 U.S.C. § 1373 as lawfully interpreted.

7. 8 U.S.C. § 1373, for which Defendants require compliance for JAG and Community Oriented Policing Services (COPS) grants, violates the Tenth Amendment to the United States Constitution, or in the alternative, Defendants cannot constitutionally enforce 8 U.S.C. § 1373 against the State's Statutes.

Having entered judgment on the above, the Court hereby ORDERS the following relief:

## DECLARATION

The Court finds that declaratory relief under 28 U.S.C. § 2201 is appropriate in this case. Now, therefore, it is hereby DECLARED that:

1. The Access, Notification, and Section 1373 Conditions are unconstitutional and/or unlawful because: (a) they exceed the congressional authority conferred to the Executive Branch; (b) to the extent there is congressional authorization, they exceed the Congress's spending powers under Article I of the Constitution, and/or (c) they violate the Administrative Procedure Act.

2. The State's Statutes comply with 8 U.S.C. § 1373, or in the alternative, the State Statutes comply with 8 U.S.C. § 1373 as that statute may be lawfully interpreted.

3. 8 U.S.C. § 1373 is unconstitutional on its face under the Tenth Amendment of the U.S. Constitution, or in the alternative, 8 U.S.C. § 1373 cannot be constitutionally enforced against the State's Statutes.

## PERMANENT INJUNCTION

The Court also finds that each of the necessary elements for issuing a permanent injunction are met. In particular, the Court finds that California has succeeded on the merits of its claims and that absent an injunction California would suffer irreparable injury; the balance of equities favor California; and the requested relief is in the public interest. Now, therefore, it is

hereby ORDERED that:

Defendants Jefferson B. Sessions, Attorney General of the United States; Alan R. Hanson in his official capacity as Principal Deputy Assistant Attorney General; and the United States Department of Justice and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or in participation with them (collectively, "Defendants"), ARE HEREBY RESTRAINED AND ENJOINED from committing, or performing, directly and indirectly, the following acts:

1. Using the Access, Notification, and Section 1373 Conditions as requirements for JAG funding for any California state entity, any California political subdivision, or any jurisdiction in the United States.

2. Withholding, terminating, or clawing back JAG funding from, or disbarring or making ineligible for JAG, any California state entity, any California political subdivision, or any jurisdiction in the United States on the basis of the Access, Notification, or Section 1373 Conditions.

3. Withholding, terminating, or clawing back JAG or COPS funding from, or disbarring or making ineligible for JAG or COPS, any California state entity or any California political subdivision on account of the State's Statutes or policies implementing the State's Statutes.

4. Withholding, terminating, or clawing back JAG or COPS funding from, or disbarring or making ineligible for JAG or COPS, any California state entity or any California political subdivision on account of the entity or jurisdiction spending its own money on the program or activity that JAG or COPS would be funding during the period under which Defendants withheld awards or funding from that entity or jurisdiction.

5. Enforcing 8 U.S.C. § 1373 against any California state entity or political subdivision.

**MANDATORY INJUNCTION**

The Court also finds that each of the necessary elements for issuing mandatory injunctive relief are met.  In particular, the Court finds that California has established that Defendants have unlawfully withheld or unreasonably delayed the issuance of JAG awards and funding, and

California's COPS grant.  Defendants are hereby ORDERED to issue without further delay the FY 2017 JAG awards, without the enjoined conditions, and JAG funding, upon a jurisdiction's acceptance of the award, to the California Board of State and Community Corrections, all California political subdivisions that applied for JAG, and every jurisdiction in the United States that applied for JAG, has yet to receive a JAG award, and is eligible to receive an award under 34 U.S.C. §§ 10151-58.  After the jurisdiction or entity accepts the FY 2017 award, Defendants are further ordered to process and approve the jurisdiction's requests for drawdowns of the jurisdiction's FY 2017 JAG funds as it would in the ordinary course, and without regard to the enjoined conditions, compliance with 8 U.S.C. § 1373, or if the jurisdiction spent its own money on the program or activity funded during the period under which Defendants withheld awards and funding.

Defendants are further hereby ORDERED to permit, without further delay, the California Bureau of Investigation within the California Department of Justice to drawdown its FY 2017 COPS award upon the Bureau of Investigation's acceptance of its FY 2017 COPS grant.  After the Bureau of Investigation accepts its FY 2017 COPS award, Defendants are further ORDERED to process and approve the Bureau of Investigation's requests for drawdowns of the FY 2017 COPS funds as it would in the ordinary course, and without regard to the enjoined conditions, compliance with 8 U.S.C. § 1373, or if the Bureau of Investigation spent its own money on the program or activity funded during the period under which Defendants withheld funding.

## OTHER RELIEF

Defendants are hereby ORDERED to pay interest to all California jurisdictions that Defendants have withheld JAG or COPS funding from for the period of time that those grants have unlawfully been withheld.  Defendants are further hereby ORDERED to reimburse the State of California for all litigation costs.

**IT IS SO ORDERED**

DATED:

_____
Hon. William H. Orrick
United States District Judge