1  JOSEPH H. HUNT
   Assistant Attorney General
2  ALEX G. TSE
3  Acting United States Attorney
   JOHN R. TYLER
4  Assistant Director
   W. SCOTT SIMPSON (Va. Bar #27487)
5  Senior Trial Counsel
   Department of Justice, Civil Division
6  318 South Sixth Street, Room 244
7  Springfield, Illinois 62701
   Telephone: (202) 514-3495
8  Facsimile: (217) 492-4888
   E-mail:      scott.simpson@usdoj.gov
9  COUNSEL FOR DEFENDANTS
   *(See signature page for parties represented.)*
10

11                IN THE UNITED STATES DISTRICT COURT

12                FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                        SAN FRANCISCO DIVISION

14
                                              | No. 3:17-cv-04701-WHO
15  STATE OF CALIFORNIA, *ex rel.* XAVIER
    BECERRA, Attorney General of the State of | **DEFENDANTS' NOTICE OF MOTION**
16  California,                                 **AND MOTION TO ALTER OR AMEND**
                                                **JUDGMENT AND ORDER OF OCTOBER**
17                    Plaintiff,                **5, 2018; MEMORANDUM OF POINTS**
                  v.                            **AND AUTHORITIES**
18
    JEFFERSON B. SESSIONS III, Attorney
19  General of the United States, *et al.*,   | November 28, 2018
                                                2:00 p.m.
20                    Defendants.

21

22              **NOTICE OF MOTION AND MOTION TO ALTER OR AMEND**
23                              **JUDGMENT AND ORDER**

24       PLEASE TAKE NOTICE that on Wednesday, November 28, 2018, at 2:00 p.m., or as

25  soon thereafter as counsel may be heard, before The Honorable William H. Orrick, in Courtroom

26  2, 17th Floor, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco,

27  California, the defendants will move, and hereby do move, to alter or amend the Court's

28  Judgment and Order of October 5, 2018. Dkt. No. 138. This motion is based on the following

    Defs' Motion: Alter/Amend Judgment
    No. 3:17-cv-04701-WHO

Memorandum of Points and Authorities, the evidence and records on file in this action, and any other written or oral evidence or argument that may be presented at or before the time this motion is heard.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On October 5, 2018, this Court entered a final Judgment and Order in favor of the plaintiff. Defendants seek to amend the Court's Judgment and Order in three respects: First, the "Mandatory Injunction" within the judgment currently requires the defendants to issue certain grant awards "without the enjoined conditions," whereas, in order to avoid precluding meaningful appellate review, the judgment should only proscribe *enforcing* the conditions. Second, paragraph 3 of the "Permanent Injunction" in the judgment enjoins "[w]ithholding, terminating, or clawing back" any 2017 Byrne JAG or COPS funding "on account of the State's Statutes or policies implementing the State's Statutes," whereas the judgment should only preclude taking such actions on account of any of the challenged conditions and based on the California statutes involved in this action. And third, paragraph 5 of the Permanent Injunction enjoins "[e]nforcing 8 U.S.C. § 1373 against any California state entity or political subdivision," which should be modified to make clear that it only precludes requiring compliance with Section 1373 itself as a grant condition, not with any similar, independent grant condition based on other statutory authority.

## ARGUMENT

Rule 59(e) of the Federal Rules of Civil Procedure permits a district court to alter or amend a judgment on motion made within twenty-eight days after entry of the judgment. Such a motion may be granted "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). For the reasons explained below, it would be "manifestly unjust" not to modify the Court's Judgment and Order of October 5, 2018, as sought in Parts I, II, and III

below. Additionally, given that certain aspects of paragraphs 3 and 5 in the "Permanent Injunction" extend beyond plaintiff's claims and the relief sought, those aspects of the judgment exceed the Court's jurisdiction, such that it would be "clear error" not to modify the judgment as sought in Parts II and III below. *See Round Valley Indian Hous. Auth. v. Hunter*, 907 F. Supp. 1343, 1346 (N.D. Cal. 1995) (noting that "jurisdiction is limited to those claims pleaded in the complaint"); *accord Howard v. DeAzevedo*, No. 1:11-CV-00101-AWI, 2013 WL 6185164, at *2 (E.D. Cal. Nov. 26, 2013 ("[T]he Court's jurisdiction is limited to adjudicating Plaintiff's legal claims in this action.").

**I.      The Judgment Should be Modified to Enjoin Enforcing
         (But Not to Enjoin Including) the Challenged Conditions**

As currently written, the Court's Judgment and Order requires the defendants to issue the subject Fiscal Year 2017 awards under the Edward Byrne Memorial Justice Assistance Grant Program "without the enjoined conditions." When the Office of Justice Programs issues a grant award, it transmits award documents setting forth the conditions that govern the award (e.g., Dkt. No. 125, Ex. A). The award documents govern the award like a contract, and only the conditions that are included in the award can be enforced. As noted in the Court's opinion, other district courts have enjoined the subject grant conditions. The government has appealed the injunctions in all of those cases. In order to preserve the government's rights on appeal, the orders in those cases have proscribed "using" or "enforcing" the conditions, and OJP has issued the award documents with the challenged conditions but with an acknowledgement that – as a result of a severability condition included in all Byrne JAG awards[1] – the conditions are not an enforceable part of the award so long as they are unenforceable under a binding court order. Here, if the subject conditions are not included in the 2017 award documents, OJP would be unable to enforce the conditions even if defendants prevail on appeal.

---

[1] *See*, *e.g.*, Dkt. No. 125, Ex. B at 2 ("Should any provision of a requirement of this award be held to be invalid or unenforceable by its terms, that provision shall first be applied with a limited construction so as to give it the maximum effect permitted by law. Should it be held, instead, that the provision is utterly invalid or -unenforceable, such provision shall be deemed severable from this award.").

3
Defs' Motion: Alter/Amend Judgment
No. 3:17-cv-04701-WHO

Therefore, defendants respectfully request that the second sentence of the "Mandatory Injunction" in the Court's judgment be modified to read, "I hereby ORDER defendants to issue without further delay the fiscal year 2017 JAG awards, without enforcement of the enjoined conditions, and JAG funding, upon a jurisdiction's acceptance of the award, to the California Board of State and Community Corrections, and all California political subdivisions that applied for JAG."

## II. The Judgment Should be Modified to Permit Other, Lawful Grant Conditions Based on California Statutes

As currently written, paragraph 3 of the "Permanent Injunction" in the Court's judgment enjoins defendants from "[w]ithholding, terminating, or clawing back JAG or COPS funding from, or disbarring or making ineligible for JAG or COPS, any California state entity or any California political subdivision *on account of the State's Statutes or policies implementing the State's Statutes*" (emphasis added). Although an earlier paragraph of the Judgment and Order refers to "[t]he State's TRUST, TRUTH, Values Act, and Shield Confidentiality Statutes," the Permanent Injunction does not define "State's Statutes." Also, paragraph 3 is not limited to the immigration-related conditions at issue here.

The plaintiff challenged certain FY 2017 immigration-related grant conditions and sought an injunction against the withholding of grant funds based on the TRUST Act, the TRUTH Act, the California Values Act, and certain specific confidentiality statutes. Defendants submit that the Court's judgment should be limited to this context. As currently written, for example, this portion of the judgment could be read to prohibit enforcement of any grant condition based on *any* California statutes. Further, the Court's judgment prohibits enforcement of valid conditions that are different from the challenged conditions – and were not considered by the Court – based on the statutes cited by the plaintiff. Therefore, defendants respectfully request that paragraph 3 of the "Permanent Injunction" in the Court's judgment be modified to read, "Withholding, terminating, or clawing back JAG or COPS funding from, or disbarring or making ineligible for JAG or COPS, any California state entity or any California political subdivision on account of any grant condition challenged in this lawsuit and based on the TRUST Act, Cal. Gov't Code §§

4
Defs' Motion: Alter/Amend Judgment
No. 3:17-cv-04701-WHO

7282-7282.5; the TRUTH Act, Cal. Gov't Code §§ 7283-7283.2; the California Values Act, Cal. Gov't Code §§ 7284-7284.12; California Penal Code §§ 422.93, 679.10, or 679.11; California Code of Civil Procedure § 155; or California Welfare and Institutions Code §§ 827 or 831, or based on policies implementing these statutes."

### III. The Judgment Should be Clarified to Permit Independent Grant Conditions that Incorporate the Terms of 8 U.S.C. § 1373 Based on Other Statutory Authority

As currently written, paragraph 5 of the Permanent Injunction enjoins defendants from "[e]nforcing 8 U.S.C. § 1373 against any California state entity or political subdivision." The plaintiff in this action challenged certain specific FY 2017 grant conditions, and the Court considered whether certain specific federal statutes authorized the defendants to impose those conditions. The judgment should be limited to that context, and should not enjoin the defendants from imposing other grant conditions based on other statutory authority, including, where relevant authority exists, an independent grant condition that incorporates the terms of Section 1373. The Court addressed this issue in footnote 3 of its opinion:

> DOJ also asks the court to consider whether Section 1373's language can operate as an independent grant condition regardless of the validity of Section 1373. Because I do not find that the Byrne JAG statute or Section 10102(a)(6) provided independent authority for the Attorney General to impose the conditions, it follows that there would not be authority to impose a separate grant condition identical to Section 1373's terms, without an act of Congress.

Dkt. No. 137 at 30 n.3. Nevertheless, paragraph 5 could be read to prohibit implementing such an independent condition based on statutory authorities other than those considered by the Court.

Therefore, defendants respectfully request that paragraph 5 of the "Permanent Injunction" in the judgment be modified to read, "Requiring compliance with 8 U.S.C. § 1373 as a grant condition against any California state entity or political subdivision based on 34 U.S.C. § 10102(a)(6) or 34 U.S.C. § 10153(A)(5)(D)."

### CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court alter or amend its Judgment and Order of October 5, 2018, as described above.

Dated: October 12, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ALEX G. TSE
United States Attorney

JOHN R. TYLER
Assistant Director

/s/ W. Scott Simpson

W. SCOTT SIMPSON (Va. Bar #27487)

Department of Justice, Civil Division
318 South Sixth Street, Room 244
Springfield, Illinois 62701
Telephone:   (202) 514-3495
Facsimile:   (217) 492-4888
E-mail:      scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS

JEFFERSON B. SESSIONS III, Attorney General of the United States; MATT M. DUMMERMUTH, Principal Deputy Assistant Attorney General; PHIL E. KEITH, Director, Office of Community Oriented Policing Services; and U.S. DEPARTMENT OF JUSTICE

Defs' Motion: Alter/Amend Judgment
No. 3:17-cv-04701-WHO

6