UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, *ex rel*. XAVIER BECERRA, Attorney General of the State of California,

Plaintiff,

v.

JEFFERSON B. SESSIONS III, Attorney General of the United States, *et al*.,

Defendants.

Case No. 3:17-cv-04701-WHO

**AMENDED JUDGMENT AND ORDER**

On October 5, 2018, I granted plaintiff's motion for summary judgment and denied defendants' motion for summary judgment, and I entered a corresponding Judgment and Order on the same date. Dkt. No. 138. Defendants have filed a motion to alter or amend that judgment in certain respects. Dkt. No. 139. Upon consideration of defendants' motion and of all materials submitted in relation thereto, defendants' motion to alter or amend is hereby GRANTED. Pursuant to Federal Rules of Civil Procedure 58, I hereby ENTER this amended judgment in favor of plaintiff and against defendants, and grant the following relief as set forth below.

**DECLARATION**

I find declaratory relief under 28 U.S.C. § 2201 is appropriate in this case. It is hereby DECLARED that:

1. The 8 U.S.C. § 1373 certification condition, and the access and notice conditions for Byrne JAG grant funding are unconstitutional because they: (i) exceed the congressional authority conferred to the Executive Branch; (ii) they exceed the Congress's spending powers under Article I of the Constitution to the extent Congress

conferred authority to the Attorney General; and (iii) they violate the Administrative Procedure Act.

2. The State's TRUST, TRUTH, Values Act, and Shield Confidentiality Statutes comply with 8 U.S.C. § 1373.

3. 8 U.S.C. § 1373 is unconstitutional on its face under the Tenth Amendment of the United States Constitution.

**PERMANENT INJUNCTION**

I also find a permanent injunction is appropriate in this case for the reasons stated in the October 4, 2018, Order granting plaintiff's motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 65, it is now ORDERED that defendants ARE HEREBY RESTRAINED AND ENJOINED from committing, performing, directly or indirectly, the following acts:

1. Using the Section 1373 certification condition, and the access and notice conditions ("Challenged Conditions") as requirements for Byrne JAG grant funding for any California state entity, any California political subdivision, or any jurisdiction in the United States.

2. Withholding, terminating, or clawing back JAG funding from, or disbarring or making ineligible for JAG, any California state entity, any California political subdivision, or any jurisdiction in the United States on the basis of the Challenged Conditions.

3. Withholding, terminating, or clawing back JAG or COPS funding from, or disbarring or making ineligible for JAG or COPS, any California state entity or any California political subdivision on account of any grant condition challenged in this lawsuit and based on the TRUST Act, Cal. Gov't Code §§ 7282-7282.5; the TRUTH Act, Cal. Gov't Code §§ 7283-7283.2; the California Values Act, Cal. Gov't Code §§ 7284-7284.12; California Penal Code §§ 422.93, 679.10, or 679.11; California Code of Civil Procedure § 155; or California Welfare and Institutions Code §§ 827 or 831, or based on policies implementing these statutes.

4. Withholding, terminating, or clawing back JAG or COPS funding from, or disbarring or making ineligible for JAG or COPS, any California state entity or any California

political subdivision on account of the entity or jurisdiction spending its own money on the program or activity that JAG or COPS would be funding during the period under which Defendants withheld awards or funding from that entity or jurisdiction.

5. Enforcing 8 U.S.C. § 1373's statutory obligations against any California state entity or political subdivision.

6. Requiring compliance with 8 U.S.C. § 1373 as a grant condition against any California state entity or political subdivision based on 34 U.S.C. § 10102(a)(6) or 34 U.S.C. § 10153(A)(5)(D), on the basis of 8 U.S.C. § 1373 being an "applicable Federal law," or on the basis of 8 U.S.C. § 1373's independent statutory obligations.

Consistent with my October 5, 2018 Order granting plaintiff's motion for summary judgment, it is now ORDERED that the nationwide aspect of the permanent injunctive relief set forth above is STAYED until the Ninth Circuit has the opportunity to consider it.

**MANDATORY INJUNCTION**

As set forth in my October 5, 2018 Order I found all the necessary elements for issuing California mandamus relief are met. I hereby ORDER defendants to issue without further delay the fiscal year 2017 JAG awards, without enforcement of the enjoined conditions, and JAG funding, upon a jurisdiction's acceptance of the award, to the California Board of State and Community Corrections, and all California political subdivisions that applied for JAG. Acceptance of the FY 2017 awards by the California Board of State and Community Corrections or any California political subdivision shall not be construed as acceptance of the enjoined conditions. After the jurisdiction or entity accepts the fiscal year 2017 award, defendants are further ORDERED to process and approve the jurisdiction's requests for drawdowns of the jurisdiction's fiscal year 2017 JAG funds as it would in the ordinary course, and without regard to the enjoined conditions, compliance with 8 U.S.C. § 1373, or if the jurisdiction spent its own money on the program or activity funded during the period under which defendants withheld awards and funding.

Defendants are further ORDERED to permit without further delay, the California Bureau of Investigation within the California Department of Justice to drawdown its fiscal year 2017

COPS grant award upon the Bureau of Investigation's acceptance of its fiscal year 2017 COPS grant. After the Bureau of Investigation accepts its fiscal year 2017 COPS award, defendants are further ORDERED to process and approve the Bureau of Investigation's requests for drawdowns of the fiscal year 2017 COPS funds as it would in the ordinary course, and without regard to the enjoined conditions, compliance with 8 U.S.C. § 1373, or if the Bureau of Investigation spent its own money on the program or activity funded during the period under which defendants withheld funding.

**IT IS SO ORDERED**.

Dated: November 20, 2018

WILLIAM H. ORRICK
United States District Judge