UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

| Date: December 2, 2018 | Time: 25 minutes 10:03 a.m. and 10:28 a.m. | Judge: WILLIAM H. ORRICK |
|---|---|---|
| Case No.: 17-cv-04701-WHO | Case Name: State of California, ex rel. XAVIER BECERRA v. Sessions | |

**Attorney for Plaintiff:** Lee I. Sherman and Sarah E. Belton
**Attorney for Defendant:** August Flentje

**Deputy Clerk:** Jean Davis         **Court Reporter:** Belle Ball

PROCEEDINGS

Counsel appeared for a hearing on California's Motion to Enforce the November 20, 2018 Amended Judgment and Order (the "Judgment"). Argument was heard. The Court finds on the record before it that there is insufficient evidence that the DOJ's actions regarding the Project Safe Neighborhoods ("PSN") grant fall under the Judgment. It is also unclear that the matter is ripe. California's motion is denied.

A case is ripe if it "present[s] concrete legal issues, presented in actual cases, not abstractions." *Colwell v. HHS*, 558 F.3d 1112, 1123 (9th Cir. 2009) (internal quotation marks omitted). The PSN grant program, which since 2001 has supported "a national program to reduce gun violence," has not been a subject of the litigation until now. Pub. L. No. 107-77, 115 Stat. 748, 762 (2001). PSN funding is disbursed by fiscal agents selected by U.S. Attorneys' Offices in each judicial district.

DOJ has disclaimed any final agency determination yet regarding who the fiscal agent or agents in California's judicial districts will be. If there were a final decision, counsel represented that DOJ will provide an explanation for selecting or not selecting California as the fiscal agent. Importantly to the Court, DOJ represented that it will award PSN funds in the State's judicial districts, just not utilizing the California Governor's Office of Emergency Services as the fiscal agent. At this point, the issues raised by California are not ripe until at least DOJ has determined the 2018 PSN fiscal agents in California's judicial districts.

Further, it does not appear that the PSN fiscal agent decision falls under the scope of the Judgment. In the Judgment, the Court found that Section 1373 is unconstitutional and enjoined DOJ from requiring compliance with Section 1373 to receive Byrne JAG and COPS grant funding. DOJ was also enjoined from enforcing Section 1373's statutory obligations as a condition "based on 34 U.S.C. § 10102(a)(6) or 34 U.S.C. § 10153(A)(5)(D), on the basis of

[Section 1373] being an 'applicable Federal law,' or on the basis of [Section 1373]'s independent statutory obligations."  Amended Judgment, ¶¶ 5-6.

California asserts that the decision not to select it as a fiscal agent improperly deviates from the 2018 PSN Solicitation and the operative statute in retaliation for its perceived noncompliance with 8 U.S.C. § 1373 ("Section 1373").  DOJ responds that the competitive and discretionary PSN grant program permits it to reject California's bid to be the fiscal agent for PSN funds in fiscal year 2018 (an issue that has not previously been the subject of this litigation) and that it will not enforce a condition requiring compliance with its interpretation of Section 1373.  Although the Court understands California's inferences from the evidence concerning DOJ's actions and Section 1373, and does not believe that they are unreasonable, there is a lack of direct evidence that the decision regarding the fiscal agent for the PSN funds has been made, let alone why.  And it is quite clear that this is a new topic related to a grant program that was not raised or considered in the litigation prior to entry of the Judgment.

The substantive issues California raises in its motion to enforce the Judgment may be brought in a separate action when the issues are ripe.  That said, there would certainly appear to be less reason to bring such an action if funding is provided to the judicial districts in California under a different fiscal agent, as promised by DOJ.

There will be no further written order on this motion.